UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

Case No. 4:22-cv-76

GUILLIO CINEA, an individual,

    Plaintiff,

v.

LEE-BELL TRANSPORT INC., an Illinois Corporation, DAVID WINTERS, an individual, DAMARIO BLOODSON, an individual, and CAROLINA CASUALTY INSURANCE COMPANY, an Iowa Corporation,

    Defendants.
_____/

## COMPLAINT

The Plaintiff, Guillio Cinea ("Plaintiff"), sues Defendants Lee-Bell Transport Inc. ("Transport Company"), David Winters ("Winters"), Damario Bloodson ("Bloodson"), and Carolina Casualty Insurance Company ("Carolina Casualty"), and, in support thereof, alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This is an action for damages in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, attorneys' fees, and costs.

2. At all times material hereto, Plaintiff was, and is, a resident of Lee County, Florida.

3. At all times material hereto, Defendant Winters was, and is, a resident of Cook County, Illinois.

4. At all times material hereto, Defendant Transport Company is an Illinois Corporation with its principal place of business in Cook County, Illinois.

5. At all times material hereto, Defendant Bloodson was, and is, a resident of Cook County, Illinois.

6. At all times material hereto, Defendant Carolina Casualty is an Iowa corporation with its principal place of business located in Polk County, Iowa.

7. This Honorable Court has jurisdiction pursuant to 28 United States Code Section 1332, as the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. This Honorable Court has personal jurisdiction over Defendant Winters pursuant to Ohio Rev. Code Section 2307.382 in that Defendant Winters caused tortious injury in Ohio when he caused an injury to Plaintiff.

9. This Honorable Court has personal jurisdiction over Defendant Transport Company pursuant to Ohio Rev. Code Section 2307.382 in that Defendant Transport Company caused tortious injury in Ohio through its employee Winters.

10. This Honorable Court has personal jurisdiction over Defendant Bloodson pursuant to Ohio Rev. Code Section 2307.382 in that Defendant Bloodson caused tortious injury in Ohio when he caused an injury to Plaintiff through the use of his property as more specifically described below.

11. This Honorable Court has personal jurisdiction over Defendant Carolina Casualty pursuant to Ohio Rev. Code Section 2307.382 in that Defendant Carolina Casualty agreed to insure a risk that was located in Ohio at the time of the accident, transacts business in Ohio, and that the exercise of jurisdiction over Defendant Carolina Casualty does not offend traditional notions of fair play and substantial justice.

12. Venue in the suit lies in Northern District of Ohio pursuant to 28 United States Code Section 1391(a), because a substantial part of the events giving rise to the claims alleged in this action occurred within the Northern District of Ohio, as more specifically described below.

## GENERAL ALLEGATIONS

13. On or about January 18, 2020, Plaintiff, while exercising due care, was stopped on the side of the road on IR 80 (Ohio Turnpike), in Trumbull County, Ohio. Plaintiff was inside of a 2020 Peterbilt (VIN Number 1XPBDP9X7LD678276) (the "Peterbilt").

14. On or about January 18, 2020, Defendant Bloodson and/or Defendant Transport Company owned and/or maintained a 2006 Volvo (VIN Number 4V4NC9TG16N400434) (the "Volvo") that was driving in Braceville Township, Trumbull County, Ohio.

15. At the above time and place, Defendant Winters was driving the Volvo westbound on IR 80, in Trumbull County, Ohio, in the center lane. Defendant Winters moved right to pass a UPS truck when he negligently operated the Volvo so that it collided with Plaintiff's vehicle.

16. On or about January 18, 2020, at the time of the crash described above, Defendant Winters was employed by Defendant Transport Company and was an agent of the company operating in the scope of his employment.

17. On or about January 18, 2020, either or both Defendant Bloodson and Defendant Transport Company owned the vehicle which caused injury to Plaintiff.

18. As a result of the foregoing, Plaintiff was injured in and about his body and extremities, and/or aggravated a pre-existing injury or condition thereto; incurred pain, suffering and mental anguish, incurred various medical and related expenses in the treatment of the injuries; suffered physical handicap; incurred loss of capacity for the enjoyment of a normal life; sustained permanent injuries within a reasonable degree of medical probability and/or permanent loss of a

  bodily function; suffered loss of income and/or impairment of wage earning capacity, and Plaintiff shall suffer from such losses and impairments in the future.

19. On or about January 18, 2020, Plaintiff was insured under an automobile insurance policy numbered 8009314-02, issued by the Defendant Carolina Casualty. This policy provided Uninsured/Underinsured motorist ("UM") coverage to Plaintiff (the "Carolina Casualty Policy").

20. All conditions precedent of the Plaintiff's policy have been performed, satisfied, or have occurred. Further, Plaintiff has fully complied with all of the terms and conditions of the Carolina Casualty Policy issued by Defendant Carolina Casualty.

## COUNT I – CLAIM FOR NEGLIGENCE AGAINST DEFENDANT DAVID WINTERS

Plaintiff re-adopts and re-alleges each, and every allegation contained in paragraphs 1 through 20 above as if fully set forth herein and further alleges as follows:

21. On or about January 18, 2020, Defendant Winters operated the Volvo in Trumbull County, Ohio.

22. At that time and place, Defendant Winters negligently operated and maintained the Volvo so that it caused a collision with the motor vehicle operated by Plaintiff.

23. Defendant Winters breached his duty to Plaintiff by committing the following acts and/or omissions (including but not limited to):

a) Operating the Volvo in such a manner as to cause it to collide into and against Plaintiff's vehicle;

b) Failing to have the motor vehicle he was driving under proper and reasonable control;

c) Failing to steer in time to avoid the collision;

d) Failing to exercise the proper degree of care with respect to the rights and safety of other motor vehicle operators and owners;

  e) Failing to operate the motor vehicle he was driving in a safe and proper manner;

  f) Failing to comply with the laws, rules, and regulations of Ohio pertaining to the operation of motor vehicles in and about public highways;

  g) Failing to keep and maintain a proper lookout for other vehicles on the highway; and

  h) Defendant Winters was otherwise negligent, careless, or reckless as a matter of law.

  24. That, as a direct and proximate result of the negligence of Defendant Winters, Plaintiff was injured in and about his body and extremities, and/or aggravated a pre-existing injury or condition thereto; incurred pain, suffering, and mental anguish, incurred various medical and related expenses in the treatment of the injuries; suffered physical handicap; incurred loss of capacity for the enjoyment of a normal life; sustained permanent injuries within a reasonable degree of medical probability and/or permanent loss of a bodily function; suffered loss of income and/or impairment of wage earning capacity, and Plaintiff shall suffer from such losses and impairments in the future.

  **WHEREFORE,** Plaintiff, GUILLIO CINEA, demands judgment against Defendant, DAVID WINTERS, for damages, pre-judgment and post-judgment interest as applicable, and to award such other and further relief as this Court deems just and proper.

## COUNT II – RESPONDEAT SUPERIOR/VICARIOUS LIABILITY FOR NEGLIGENT OPERATION OF VEHICLE BY DEFENDANT DAVID WINTERS AGAINST DEFENDANT LEE-BELL TRANSPORT INC.

Plaintiff re-adopts and re-alleges each, and every allegation contained in paragraphs 1 through 20 above as if fully set forth herein and further alleges as follows:

25. The Volvo that struck Plaintiff on January 18, 2020, was operated by Defendant Winters while he was employed by Defendant Transport Company or was an agent, apparent agent, servant, and/or representative of Defendant Transport Company, and while Defendant Winters was acting pursuant to Defendant Transport Company's control and/or authority.

26. At the time of the crash described above, Defendant Winters was performing an act of the kind pursuant to his agreement with Defendant Transport Company.

27. Defendant Winters was operating the Volvo while in the course and scope of his employment, agency, apparent agency, servitude, and/or representation of with Defendant Transport Company.

28. Therefore, Defendant Transport Company is vicariously liable for the negligence of its employee, agent, apparent agent, servant, and/or representative, Defendant Winters, who was negligent in the following ways:

    a) By operating the Volvo in such a manner as to cause it to collide into and against Plaintiff's vehicle;

    b) By failing to have the motor vehicle he was driving under proper and reasonable control;

    c) By failing to steer in time to avoid the collision;

    d) By failing to exercise the proper degree of care with respect to the rights and safety of other motor vehicle operators and owners;

e) By failing to operate the motor vehicle she was driving in a safe and proper manner;

f) By failing to comply with the laws, rules, and regulations of Ohio pertaining to the operation of motor vehicles in and about public highways;

g) By failing to keep and maintain a proper lookout for other vehicles on the highway,

h) By being otherwise negligent, careless, or reckless as a matter of law.

29. Defendant Transport Company is therefore vicariously liable for the acts of Defendant Winters.

30. That, as a direct and proximate result of the negligence of Defendant Winters, Defendant Transport Company is vicariously liable for Plaintiff's damages as Plaintiff was injured in and about his body and extremities, and/or aggravated a pre-existing injury or condition thereto; incurred pain, suffering, and mental anguish, incurred various medical and related expenses in the treatment of the injuries; suffered physical handicap; incurred loss of capacity for the enjoyment of a normal life; sustained permanent injuries within a reasonable degree of medical probability and/or permanent loss of a bodily function; suffered loss of income and/or impairment of wage earning capacity, and Plaintiff shall suffer from such losses and impairments in the future.

**WHEREFORE,** Plaintiff, GUILLIO CINEA, demands judgment against Defendant, LEE-BELL TRANSPORT INC., for damages, pre-judgment and post-judgment interest as applicable, and to award such other and further relief as this Court deems just and proper.

### COUNT III – CLAIM FOR NEGLIGENT ENTRUSTMENT AGAINST DEFENDANTS DAMARIO BLOODSON AND DEFENDANT LEE-BELL TRANSPORT INC.

Plaintiff re-adopts and re-alleges each, and every allegation contained in paragraphs 1 through 20 above as if fully set forth herein and further alleges as follows:

31. On January 18, 2020, Defendant Bloodson and/or Defendant Transport Company was the owner of the Volvo.

32. On January 18, 2020, Defendant Bloodson and/or Defendant Transport Company entrusted the Volvo to Defendant Winters.

33. On January 18, 2020, Defendant Winters was incompetent, inexperienced, and/or reckless in the operation of the aforesaid Volvo.

34. On January 18, 2020, Defendant Bloodson and/or Defendant Transport Company knew, or, by the exercise of reasonable care, should have known that Defendant Winters was incompetent, inexperienced, or reckless in the operation of motor vehicles such as the aforesaid Volvo.

35. Plaintiff was injured as a proximate consequence of the negligence, incompetency and/or recklessness of Defendant Winters concurring with the negligent entrustment of the aforesaid Volvo by Defendant Bloodson and/or Defendant Transport Company.

36. As a direct and proximate result of Defendant Bloodson's and/or Defendant Transport Company's negligent entrustment, Plaintiff suffered serious bodily injury.

37. That as a direct and proximate result of the negligence of Defendant Bloodson and/or Defendant Transport Company, Plaintiff was injured in and about his body and extremities, and/or aggravated a pre-existing injury or condition thereto; incurred pain, suffering and mental anguish, incurred various medical and related expenses in the treatment of the injuries; suffered physical handicap; incurred loss of capacity for the enjoyment of a normal life; sustained permanent injuries within a reasonable degree of medical probability and/or permanent loss of a bodily function; suffered loss of income and/or impairment of wage earning capacity, and Plaintiff shall suffer from such losses and impairments in the future.

**WHEREFORE,** Plaintiff, GUILLIO CINEA, demands judgment against Defendant, DAMARIO BLOODSON, and Defendant, LEE-BELL TRANSPORT INC., for damages, pre-judgment and post-judgment interest as applicable, and to award such other and further relief as this Court deems just and proper.

### COUNT IV – CLAIM FOR UNINSURED/UNDERINSURED MOTORIST AGAINST DEFENDANT CAROLINA CASUALTY INSURANCE COMPANY

Plaintiff re-adopts and re-alleges each, and every allegation contained in paragraphs 1 through 20 above as if fully set forth herein and further alleges as follows:

38. Pursuant to the terms of the Carolina Casualty Policy (policy number 5009314), Defendant Carolina Casualty agreed to provide UM coverage to Plaintiff.

39. On or about January 18, 2020, Plaintiff was hit by Defendant Winters who was underinsured and, as a result, Plaintiff is entitled to benefits under his UM coverage.

40. Defendant Carolina Casualty provided Plaintiff claim number HMD20234903 for the accident that occurred on January 18, 2020.

41. Pursuant to the terms of the insurance policy, Defendant Carolina Casualty insured Plaintiff for UM coverage in the amount of $50,000.00.

42. Defendant Carolina Casualty has a duty to tender proceeds to Plaintiff under the UM provision of the policy.

43. Defendant Carolina Casualty has breached the Policy by failing to pay Plaintiff the benefits due and owing under the UM coverage. These benefits include, but are not limited to, the damages and losses suffered by Plaintiff as a result of the incident that occurred on January 18, 2020.

44. Defendant Carolina Casualty has failed to tender proceeds to Plaintiff pursuant to the UM policy limits.

45. As a direct and proximate result of Defendant David's negligence for which Defendant Carolina Casualty is legally and/or contractually responsible pursuant to the Uninsured/Underinsured Motorist provisions of the Policy, Plaintiff has suffered damages, including bodily injury in about his body and extremities, and/or aggravated a pre-existing injury or condition thereto; incurred pain, suffering, and mental anguish, incurred various medical and related expense in the treatment of the injuries; suffered physical handicap; incurred loss of capacity for the enjoyment of a normal life; sustained permanent injuries within a reasonable degree of medical probability and/or permanent loss of a bodily function; suffered loss of income and/or impairment of wage earning capacity, and Plaintiff shall suffer from such losses and impairments in the future.

**WHEREFORE,** Plaintiff, GUILLIO CINEA, demands judgment against Defendant, CAROLINA CASUALTY INSURANCE COMPANY, for damages, pre-judgment and post-judgment interest as applicable, attorneys' fees, and to award such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff demands trial by jury on all issues so triable as a matter of right.

**DATED on this 13th day of January 2022.**     Respectfully submitted,

>	ZEBERSKY PAYNE SHAW LEWENZ, LLP
>	**Counsel for Plaintiff**
>	110 S.E. 6th Street, Suite 2900
>	Ft. Lauderdale, Florida 33301
>	Telephone: (954) 989-6333
>	Facsimile: (954) 989-7781
>	Primary Email:     zludens@zpllp.com
>
>	By /s/ *Zachary D. Ludens*
>	    ZACHARY D. LUDENS, ESQ.
>	    Fla. Bar No. 111620

[2208606/1]                                        10